■ Nancy Miller, Respondent, v Margaret Theodore-Tassy, Appellant, et al., Defendants. [938 NYS2d 172]—

In 2004 the plaintiff, a tenured teacher, was appointed as a probationary assistant principal at an elementary school in Queens by the school's principal, who acted pursuant to authority delegated to her by the Chancellor of the City of New York Department of Education (hereinafter the DOE). In March 2005, an investigation was initiated after allegations arose that the plaintiff, while supervising lunch in the cafeteria, disciplined a class of students taught by the defendant Margarette Tassy, sued herein as Margaret Theodore-Tassy, by forcing the students to eat their lunch on the floor, not allowing them to retrieve utensils and thereby forcing them to eat with their hands, referring to them as "animals," and making disparaging remarks about their country of origin. The allegations garnered considerable press coverage.

Following the investigation, the allegations that the plaintiff forced the students to eat lunch on the floor without utensils and referred to them as animals were substantiated, but the allegation that she made disparaging remarks about their country of origin was not substantiated. Thereafter, the plaintiff was discontinued as a probationary assistant principal, and the DOE preferred charges against her pursuant to Education Law § 3020-a. Following a hearing, the plaintiff was found guilty of forcing the students to eat lunch on the floor, not allowing them to retrieve utensils, and causing widespread negative publicity to the DOE by these actions, but she was found not guilty of referring to the students as animals. The hearing officer imposed a fine of $10,000, and the plaintiff resumed duties as a teacher.

The plaintiff commenced this action against, among others,

Tassy to recover damages for tortious interference with contract, citing a contract of employment between her and the DOE whereby she was appointed to be a probationary assistant principal. The plaintiff alleged, inter alia, that Tassy instructed her students to write fabricated accounts of the cafeteria incident in which they accused the plaintiff of making derogatory remarks to them, helped the students write the accounts, reported the fabricated incident to school officials, and, in concert with others, disseminated the fabricated incident to the press, actions which procured a breach of her employment contract with the DOE. In the order appealed from, the Supreme Court, among other things, denied that branch of Tassy's motion which was for summary judgment dismissing the complaint insofar as asserted against her.

To prevail on a cause of action alleging tortious interference with contract, a plaintiff must establish "the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]; *see NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 620-621 [1996]; *Monex Fin. Servs., Ltd. v Dynamic Currency Conversion, Inc.*, 76 AD3d 515 [2010]). Here, Tassy made a prima facie showing of her entitlement to judgment as a matter of law by submitting evidence demonstrating that the DOE did not breach a contract of employment with the plaintiff when she was discontinued from her probationary assistant principal position. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the DOE breached an employment contract with her (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted that branch of Tassy's motion which was for summary judgment dismissing the complaint insofar as asserted against her.

In light of our determination, Tassy's remaining contentions have been rendered academic. Dillon, J.P., Leventhal, Belen and Lott, JJ., concur.