■ JACOBY & MEYERS, LLP, Respondent, v MICHAEL FLOMEN-HAFT et al., Appellants, et al., Defendants. [942 NYS2d 173]—In an action, inter alia, to recover damages for breach of contract and tortious interference with business relations, the defendants Michael Flomenhaft, Flomenhaft & Cannata, LLP, and Flomenhaft Law Firm, PLLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated November 12, 2010, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against, among others, the defendants Michael Flomenhaft, Flomenhaft & Cannata, LLP, and Flomenhaft Law Firm, PLLC (hereinafter collectively the Flomenhaft defendants), seeking, inter alia, to recover damages for breach of contract, tortious interference with business relations, and breach of fiduciary duty. The Flomenhaft defendants moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, denied that branch of the motion. The Flomenhaft defendants appeal, and we affirm the order insofar as appealed from.

Although the Flomenhaft defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them, in opposition, the plaintiff demonstrated the existence of triable issues of fact (*see Graubard Mollen Dannett & Horowitz v Moskovitz*, 86 NY2d 112, 119-120 [1995]; *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *30 FPS Prods., Inc. v Livolsi*, 68 AD3d 1101, 1102 [2009]). Accordingly, the Supreme Court properly denied that branch of the motion which was for summary judgment.

The plaintiff's remaining contention need not be reached in light of our determination. Dillon, J.P., Angiolillo, Belen and Cohen, JJ., concur.