■ KSK CONSTRUCTION GROUP, LLC, Respondent, v 26 EAST 64TH STREET, LLC, et al., Appellants, et al., Defendants. (And a Third-Party Action.) [7 NYS3d 29]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered December 11, 2013, which, to the extent appealed from, denied defendants-appellants' (defendants) motion for summary judgment, unanimously modified, on the law, to grant the motion to the extent of dismissing the tortious interference claim against defendant Sedesco, Inc. and the claim to foreclose on the lien against the premises at 29 East 61st Street (61st Street property), vacating that lien, and directing the Clerk of the Court to disburse $13,625 of the funds deposited with the Clerk to defendant 26 East 64th Street, LLC (26 East), and otherwise affirmed, without costs.

In this action seeking to recover for amounts claimed to be due with respect to construction management work on two properties, defendants failed to establish their entitlement to summary judgment dismissing the breach of contract claims. Plaintiff's use of a variant of its legal name on the construction contract with defendant 26 East does not warrant dismissal of

its claim against that defendant (*see Cohen v OrthoNet N.Y. IPA, Inc.*, 19 AD3d 261 [1st Dept 2005]). Plaintiff submitted evidence that it applied for payment using its full legal name and that 26 East certified payment to plaintiff.

Defendants have not shown that they have standing to seek dismissal of the breach of contract claim against defendant 2961 Associates, L.P., which has not appeared or answered.

Defendant Sedesco is entitled to summary judgment dismissing the tortious interference with contract claim against it, since it is undisputed that it was acting as an agent of the owners of the two properties. An agent cannot be held liable for inducing its principal to breach a contract where it is acting on behalf of its principal and within the scope of its authority (*Devash LLC v German Am. Capital Corp.*, 104 AD3d 71, 79 [1st Dept 2013], *lv denied* 21 NY3d 863 [2013]).

The court erred in failing to address defendants' motion with respect to the mechanic's liens. Defendant 26 East's payment of money to the court discharged the liens only on the two properties and shifted the liens to the court fund (*see Harlem Plumbing Supply Co. v Handelsman*, 40 AD2d 768, 768 [1st Dept 1972]; *see also* Lien Law § 20).

Defendants are entitled to summary judgment dismissing plaintiff's cause of action for foreclosure on the lien on the 61st Street property, vacating that lien, and releasing the funds deposited by 26 East for that lien. Defendants made a prima facie showing that the lien was defective because it misidentified the owner of the property (*see* Lien Law § 9 [2]; *see also Matter of Rigano v Vibar Constr., Inc.*, 24 NY3d 415, 420 [2014] [misidentification amounts to a jurisdictional defect invalidating the lien]), and plaintiff has asserted that it has abandoned its claim to foreclose on that lien.

Defendants are not entitled to summary judgment dismissing plaintiff's cause of action for foreclosure on the lien on the 64th Street property, nor are they entitled to summary judgment on their counterclaim. Issues of fact exist as to whether plaintiff willfully exaggerated the lien against the 64th Street property (*see On the Level Enters., Inc. v 49 E. Houston LLC*, 104 AD3d 500, 500 [1st Dept 2013]; *see also* Lien Law § 39). Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Kapnick, JJ.