■ MLB Sub I, LLC, Appellant, v Gwen Bains, Respondent, et al., Defendants. [50 NYS3d 410]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (King, J.), dated February 23, 2015, which granted the motion of the defendant Gwen Bains pursuant to CPLR 3211 (a) (1) and (3) to dismiss the complaint insofar as asserted against her for lack of standing.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Gwen Bains pursuant to CPLR 3211 (a) (1) and (3) to dismiss the complaint insofar as asserted against her for lack of standing is denied.

In this action to foreclose a mortgage, the defendant Gwen Bains (hereinafter the defendant) filed a pre-answer motion pursuant to CPLR 3211 (a) (1) and (3) to dismiss the complaint insofar as asserted against her on the ground that the plaintiff lacked standing to commence the action. The Supreme Court granted the motion, and the plaintiff appeals.

"On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's

lack of standing as a matter of law" (*New York Community Bank v McClendon*, 138 AD3d 805, 806 [2016]; *see* CPLR 3211 [a] [3]; *Arch Bay Holdings, LLC-Series 2010B v Smith*, 136 AD3d 719, 719 [2016]). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (*Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52, 60 [2015]; *see New York Community Bank v McClendon*, 138 AD3d at 806).

Here, the defendant failed to meet her burden of establishing, prima facie, the plaintiff's lack of standing as a matter of law (*see* CPLR 3211 [a] [3]; *Enhanced Acquisitions II, LLC v McSam Tribeca, LLC*, 141 AD3d 506 [2016]; *Bank of Am., N.A. v Paulsen*, 125 AD3d 909, 911 [2015]). Furthermore, the defendant failed to present "documentary evidence," within the meaning of CPLR 3211 (a) (1), that utterly refuted the plaintiff's factual allegations, conclusively establishing a defense based on lack of standing as a matter of law (CPLR 3211 [a] [1]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Anderson v Armentano*, 139 AD3d 769, 771 [2016]; *Fontanetta v John Doe 1*, 73 AD3d 78, 85 [2010]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court should have denied the defendant's motion. Hall, J.P., Miller, Connolly and Brathwaite Nelson, JJ., concur.