■ AFFORDABLE HOUSING ASSOCIATES, INC., Doing Business as BEACON WIRELESS MANAGEMENT, Respondent, v TOWN OF BROOKHAVEN et al., Defendants, and MID-ATLANTIC WIRELESS, LLC, et al., Appellants. [55 NYS3d 111]—

Appeal from an order of the Supreme Court, Suffolk County (Elizabeth Hazlitt Emerson, J.), dated February 26, 2015. The order denied the motion of the defendants Mid-Atlantic Wireless, LLC, Site Tech Wireless, LLC, Edward Mooney, Joy Mooney-Graziano, Suffolk Towers, Inc., Suffolk Towers II, LLC, and Highlander Wireless for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff was in the business of "rendering professional planning and consulting services concerning the siting and development of wireless telecommunications facilities, and for the administration and management of leases and agreements for the siting, construction and leasing of such facilities." On May 7, 2003, the plaintiff and the defendant Town of Brookhaven entered into a "Consulting Services Agreement," pursuant to which the plaintiff was required to identify specific locations on "Town-owned properties . . . for the placement of wireless telecommunications facilities," and prepare a "final comprehensive plan (map) identifying Town property suitable for the leasing and placement of wireless facilities" (hereinafter the Agreement). The Agreement further provided that the plaintiff "shall construct each wireless facility as approved by the Town that is

deemed necessary to accommodate areas classified as 'dead spots' as identified in Maps prepared pursuant to this Agreement."

On August 23, 2007, the plaintiff submitted an application to the Town to construct wireless telecommunication facilities on five Town-owned properties. Thereafter, in July 2009, the Town entered into two contracts with the defendant Mid-Atlantic Wireless, LLC (hereinafter Mid-Atlantic), for the construction of wireless telecommunication towers on two of the sites that were purportedly included in the plaintiff's earlier application. In September 2010, the plaintiff commenced this action against the defendants Mid-Atlantic, Site Tech Wireless, LLC, Edward Mooney, Joy Mooney-Graziano, Suffolk Towers, Inc., Suffolk Towers II, LLC, and Highlander Wireless (hereinafter collectively the Mooney defendants), to recover damages for tortious interference with contract. The complaint also alleged causes of action against the Town and its Department of Finance. The Mooney defendants subsequently moved for summary judgment dismissing the complaint insofar as asserted against them. In the order appealed from, the Supreme Court denied the motion. The Mooney defendants appeal.

"The elements of tortious interference with contract are: '(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff' " (*Cash on the Spot ATM Servs., LLC v Camia*, 144 AD3d 961, 963 [2016], quoting *Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]; *see White Plains Coat & Apron Co., Inc. v Cintas Corp.*, 8 NY3d 422, 426 [2007]; *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]).

The Mooney defendants made a prima facie showing that they did not tortiously interfere with the Agreement (*see Caterpillar Ins. Co. v Metro Constr. Equities*, 130 AD3d 856, 859 [2015]; *Miller v Theodore-Tassy*, 92 AD3d 650, 651 [2012]). Although the Mooney defendants admittedly had knowledge of the Agreement, they demonstrated that they did not intentionally procure the Town's alleged breach of the Agreement. In opposition, the plaintiff raised a triable issue of fact (*see Jacoby & Meyers, LLP v Flomenhaft*, 94 AD3d 948, 948 [2012]; *Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 473, 476-477 [2009]). Contrary to the Mooney defendants' contention, the plaintiff was not required to demonstrate that the Mooney defendants interfered by means that were "not lawful" (*Holliswood Owners Corp. v Rivera*, 145 AD3d 968, 970 [2016] [internal quotation marks omitted]).

Accordingly, the Supreme Court properly denied the Mooney defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Hall, LaSalle and Connolly, JJ., concur.