Petric & Assoc., Inc. v Travelers Cas. & Sur. Co. (2021 NY Slip Op 04246)





Petric & Assoc., Inc. v Travelers Cas. & Sur. Co.


2021 NY Slip Op 04246


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-02570
 (Index No. 7223/14)

[*1]Petric & Associates, Inc., respondent, 
v
Travelers Casualty and Surety Company, et al., defendants, KTA-Tator Engineering Services, P.C., appellant.


Donovan Hatem LLP, New York, NY (Scott K. Winikow, Eric A. Howard, and Patricia B. Gary, pro hac vice, of counsel), for appellant.
The Law Office of Eliza D. Stahl, P.C., Deer Park, NY (Amanda C. Kaufold of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with contract, the defendant KTA-Tator Engineering Services, P.C., appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered January 16, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to reargue its opposition to that branch of the prior motion of the defendant KTA-Tator Engineering Services, P.C., which was for summary judgment dismissing so much of the eleventh cause of action as alleged tortious interference with contract, which had been granted in an order of the same court entered October 30, 2017, and upon reargument, in effect, vacated that portion of the order entered October 30, 2017, and thereupon denied that branch of that defendant's prior motion.
ORDERED that the order entered January 16, 2018, is affirmed insofar as appealed from, with costs.
The defendant Conti of New York, LLC (hereinafter Conti), entered into a contract with the New York City Department of Transportation (hereinafter NYCDOT) to serve as a general contractor for a construction project at the St. George Staten Island Ferry Terminal. Conti entered into two subcontracts with the plaintiff, pursuant to which the plaintiff was to perform certain cleaning and painting work on the project. The defendant KTA-Tator Engineering Services, P.C. (hereinafter KTA-Tator), was hired by HAKS Engineers, Architects and Land Surveyors, P.C. (hereinafter HAKS), as a subconsultant pursuant to HAKS's contract with NYCDOT. KTA-Tator was charged, among other things, with inspecting the work performed by the plaintiff.
After the plaintiff was discharged by Conti prior to completion of the work, the plaintiff commenced this action against KTA-Tator, among others, alleging, in the eleventh cause of action, inter alia, that KTA-Tator tortiously interfered with its subcontracts with Conti. KTA-Tator moved, among other things, for summary judgment dismissing so much of the eleventh cause of action as alleged tortious interference with contract. In an order entered October 30, 2017, the Supreme Court, inter alia, granted that branch of the motion. The plaintiff thereafter moved, among [*2]other things, for leave to reargue its opposition to that branch of KTA-Tator's motion. In an order entered January 16, 2018, the court, inter alia, granted reargument and, upon reargument, denied that branch of KTA-Tator's motion which was for summary judgment dismissing so much of the eleventh cause of action as alleged tortious interference with contract. KTA-Tator appeals.
"A motion for leave to reargue must be 'based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion'" (Brett v AJ 1086 Assoc., LLC, 189 AD3d 1153, 1154, quoting CPLR 2221[d][2] [internal quotation marks omitted]). Contrary to KTA-Tator's contention, the facts upon which the plaintiff's reargument motion were based were presented on the prior motion, and the Supreme Court did not improvidently exercise its discretion in granting reargument.
The elements of a cause of action to recover damages for tortious interference with a contract are "(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94; see Lama Holding Co. v Smith Barney Inc., 88 NY2d 413, 424). "Further, the plaintiff must specifically allege that the contract would not have been breached but for the defendant's conduct" (Barry's Auto Body of NY, LLC v Allstate Fire & Cas. Ins. Co., 190 AD3d 807, 810 [internal quotation marks omitted]; see Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d 1035, 1036).
Here, triable issues of fact exist as to whether KTA-Tator intentionally procured a breach of the subcontracts between the plaintiff and Conti or rendered performance impossible, and as to causation (see Affordable Hous. Assoc., Inc. v Town of Brookhaven, 150 AD3d 798, 799). Furthermore, while "[a]n agent cannot be held liable for inducing its principal to breach a contract where it is acting on behalf of its principal and within the scope of its authority" (see KSK Constr. Group, LLC v 26 E. 64th St., LLC, 126 AD3d 568, 569), this doctrine is inapplicable here, since KTA-Tator was not acting as an agent for Conti.
Accordingly, upon reargument, the Supreme Court properly denied that branch of KTA-Tator's motion which was for summary judgment dismissing so much of the eleventh cause of action as alleged tortious interference with contract.
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court