Woodmont Ramapo, LLC v Parks (2024 NY Slip Op 50806(U))

[*1]

Woodmont Ramapo, LLC v Parks

2024 NY Slip Op 50806(U)

Decided on June 20, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 20, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JAMES P. McCORMACK, J.P., GRETCHEN WALSH, ELENA GOLDBERG-VELAZQUEZ, JJ

2022-187 RO C

Woodmont Ramapo, LLC, Respondent,
against
Anthony Parks, Appellant. 

Anthony Parks, appellant pro se.
Griffin Alexander, P.C. (Alison Lenihan of counsel), for respondent.

Appeal from an order of the Justice Court of the Town of Ramapo, Rockland County (Rhoda F. Schoenberger, J.), dated February 22, 2022. The order denied tenant's motion to dismiss the petition in a nonpayment summary proceeding.

ORDERED that the order is affirmed, without costs.
In this nonpayment proceeding commenced in 2020, tenant moved in September of 2021 to dismiss the petition based on petitioner's lack of standing, alleging that "petitioner is not in possession of the subject property." The Justice Court denied tenant's motion, finding that he was estopped from challenging petitioner's standing as a result of a payment by the Emergency Rental Assistance Program (ERAP) that, it was undisputed, was credited to an account in tenant's name. 
Nothing in the appellate record supports a finding that tenant acknowledged any entity, whether it be petitioner or another entity, as his landlord based upon an ERAP payment. However, tenant's motion was properly denied, albeit on a different ground. The only evidence he submitted to the Justice Court in support of this motion indicates that the building was under new management as of March 3, 2021, which is insufficient to prove, as a matter of law, that petitioner is no longer his lessor. As such, tenant failed to meet his burden on his motion to dismiss for lack of standing (see MLB Sub I, LLC v Bains, 148 AD3d 881 [2017]; Brunner v Estate of Lax, 137 AD3d 553 [2016]; Lopes v Liberty Mut. Ins. Co., 24 Misc 3d 127[A], 2009 NY Slip Op 51279[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
Accordingly, the order is affirmed.
McCORMACK, J.P., WALSH and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 20, 2024