265 E. 66th LLC v Yegerman (2025 NY Slip Op 51782(U))

[*1]

265 E. 66th LLC v Yegerman

2025 NY Slip Op 51782(U)

Decided on November 13, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 13, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570318/25

265 East 66th LLC, Petitioner-Landlord-Appellant,
against
Henry Yegerman, Respondent-Tenant-Respondent, and Anya McComsey, "John Doe" and "Jane Doe," Respondents-Undertenants.

Landlord, as limited by its brief, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Alberto M. Gonzalez, J.), entered March 4, 2025, which granted tenant's preanswer motion to dismiss the petition pursuant to CPLR 3211 (a) (3) in a nonpayment summary proceeding.

Per Curiam.
Order (Alberto M. Gonzalez, J.), entered March 4, 2025, insofar as appealed from, reversed, with $10 costs, tenant's motion denied, petition reinstated, and the matter remanded to Civil Court for further proceedings.
Tenant's preanswer motion to dismiss the nonpayment petition for lack of standing (CPLR 3211 [a] [3]), should have been denied.
The nonpayment petition alleges that petitioner "265 East 66th LLC" is the "landlord[ ] and owner of the premises". In support of the motion to dismiss, tenant submits his lease, which identifies the owner or lessor as "265 E 66th St LLC" [emphasis added]. In opposition to the motion, landlord submits a deed confirming that it is an owner of the premises and an affidavit stating that the designation of "265 E 66th St LLC" as owner in the lease was the "result of a typographical error [and] [t]here is no such entity as '265 E 66th St LLC.' "
To defeat a motion pursuant to CPLR 3211 (a) (3), petitioner "has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the [petitioner's] submissions raise a question of fact as to its standing" (MLB Sub I, LLC v Bains, 148 AD3d 881, 882 [2017] [internal quotation marks and citation omitted]). Here, petitioner's submissions raise [*2]an issue of fact as to whether the lease contains a misdescription of the name of petitioner and whether petitioner is the proper party to maintain this proceeding (see Skyline Enters. of NY Corp. v Amuram Realty Co., 288 AD2d 292 [2001] [misidentification of corporate plaintiff in contract does not preclude plaintiff from enforcing contract where it demonstrated that it was really intended by the parties to be the corporate entity described in the contract]; KSK Constr. Group, LLC v 26 E. 64th St., LLC, 126 AD3d 568, 568-569 [2015] [the plaintiff's use of a variant of its legal name on the construction contract with defendant does not warrant dismissal of its claim]; see also BLDG 44 Devs. LLC v Pace Cos. NY, LLC, 213 AD3d 405 [2023] [use of unregistered assumed name on purchase orders did not warrant dismissal of the third-party plaintiff's claim]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 13, 2025