Continuum Energy Tech., LLC v Iron Oak, Inc. (USA) (2026 NY Slip Op 00053)

Continuum Energy Tech., LLC v Iron Oak, Inc. (USA)

2026 NY Slip Op 00053

Decided on January 08, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 08, 2026

Before: Moulton, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 657219/21 595270/22|Appeal No. 5534|Case No. 2025-04153|

[*1]Continuum Energy Technologies, LLC, et al., Plaintiffs-Appellants,
vIron Oak, Inc. (USA), et al., Defendants-Respondents, Iron Oak, Inc. (France), et al., Defendants. [And Another Action]. 

Haynes and Boone, LLP, New York (Gabriel Berg of counsel), for appellants.
White and Williams LLC, New York (Thomas Butler of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about June 13, 2025, which denied plaintiffs' motion to strike defendants' pleadings and for sanctions, unanimously affirmed, without costs.
Supreme Court properly denied plaintiffs' motion to strike defendants' answer. The motion was procedurally deficient, as it was not supported by an affirmation of good faith (see Jackson v Hunter Roberts Constr. Group, L.L.C., 139 AD3d 429, 429 [1st Dept 2016]). Plaintiffs point out that they moved pursuant to 22 NYCRR 130-1.1 (monetary sanctions) as well as CPLR 3126. However, their motion still related to disclosure (22 NYCRR 202.7[a]) because they sought sanctions based on the conduct of defendant Rajiv Gosain at a deposition and on defendants' purported nonresponse to plaintiffs' objections to defendants' privilege log. Therefore, an affirmation of good faith was still required (see Tokayer v Kosher Sports Inc., 178 AD3d 641, 641 [1st Dept 2019]).
Were we to reach the merits, we would find that Supreme Court's denial of plaintiffs' motion a provident exercise of its discretion (see e.g. Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc., 22 NY3d 877, 880 [2013] [standard for CPLR 3126 motion]; Grozea v Lagoutova, 67 AD3d 611 [1st Dept 2009] [standard for motion pursuant to 22 NYCRR 130-1.1]).
Plaintiffs' factual argument that defendants failed to produce Iron Oak's general ledgers is unavailing, as it was made for the first time in their reply brief and defendants had no opportunity to respond to it (see Dannasch v Bifulco, 184 AD2d 415, 417 [1st Dept 1992]).
Contrary to plaintiffs' contention, Supreme Court implicitly rejected plaintiff's argument concerning the inadequacy of defendants' privilege log, while leaving open the possibility of a motion challenging the specific claims of privilege. The precedents cited by plaintiffs in support of this argument all concern a lower court's complete failure to address an argument (see e.g. Adams v Kent Sec. of N.Y., Inc., 156 AD3d 588, 589 [1st Dept 2017], lv dismissed 31 NY3d 1059 [2018]; KSK Constr. Group, LLC v 26 E. 64th St., LLC, 126 AD3d 568, 569 [1st Dept 2015]). Furthermore, the factual argument concerning the privilege log that plaintiffs pursue on appeal is not the same one they made before Supreme Court. Thus, the argument is not properly before us (see Matterof NYC C.L.A.S.H., Inc. v New York State Off. of Parks, Recreation & Historic Preserv., 27 NY3d 174, 181 [2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 8, 2026