■ ROBERT T. GIAIMO, Appellant, v EGA ASSOCIATES INC. et al., Respondents. [891 NYS2d 49]—

The transfer restrictions printed on the back of the share certificates should have been enforced (*see Matter of Penepent Corp.*, 96 NY2d 186, 192 [2001]; *Gallagher v Lambert*, 74 NY2d 562, 567 [1989]; UCC 8-204). The restrictions prohibit the transfer of shares without granting the corporation 30 days' written notice and the first option to purchase the shares. The corporation was owned in equal shares by Edward P. Giaimo, Jr., now deceased, and his two siblings, plaintiff Robert T. Giaimo and defendant Janet Giaimo Vitale. We reject defendants' argument that, as the president of the corporation, Edward was authorized to sell a controlling share of stock to Janet because he had offered it first to the corporation, through himself, and the corporation, through him, had waived its right to purchase it. As the president of a closely held corporation, Edward lacked the power to act unilaterally against Robert's interest (*see Barbour v Knecht*, 296 AD2d 218, 227 [2002]; *see also Tidy House Paper Corp. of N. Y. v Adlman*, 4 AD2d 619, 621 [1957]; *Sterling Indus. v Ball Bearing Pen Corp.*, 298 NY 483, 491 [1949]).

Defendants' proposed affirmative defense, that the transfer restrictions are invalid, is without merit. Their argument that such restrictions are invalid if there are no corporate documents evidencing their approval is unsupported in law. Moreover, the three shareholders accepted these restrictions without objection and relied on them until after this litigation was commenced (*see Cannavino v Davis*, 289 AD2d 360 [2001]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Moskowitz, DeGrasse, Manzanet-Daniels and Roman, JJ.