■ ROBERT CONNOLLY, Appellant, v CERTILMAN BALIN ADLER HYMAN, LLP, et al., Respondents. [996 NYS2d 351]—

In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), entered August 10, 2012, as granted those branches of the defendants' motion which were to dismiss the first and second causes of action in the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that order is affirmed insofar as appealed from, with costs.

The plaintiff, who previously was a partner in the defendant law firm, brought this action against the law firm and several of its partners, alleging that they failed to pay him money he was owed pursuant to an oral agreement he had made with one of the defendant partners. Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action to recover damages for breach of contract pursuant to CPLR 3211 (a) (1). The defendants produced a partnership agreement covering the subject matter of this action, which established that the plaintiff is precluded, by a merger clause contained in that writing, from presenting evidence of an alleged prior oral agreement between the parties regarding the same subject matter (*see Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 599-600 [1997]; *DePasquale v Estate of DePasquale*, 44 AD3d 606, 607 [2007]; *Friends of Avalon Preparatory School v Ehrenfeld*, 6 AD3d 658, 658 [2004]). Thus, the documentary evidence submitted by the defendants conclusively established a defense to this cause of action as a matter of law (*see* CPLR 3211 [a] [1]).

The Supreme Court also properly granted that branch of the defendants' motion which was to dismiss the cause of action to recover for unjust enrichment pursuant to CPLR 3211 (a) (7). The merger clause of the partnership agreement governs the particular subject matter at issue (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 [2009]; *Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *Vescon Constr., Inc. v Gerelli Ins. Agency, Inc.*, 97 AD3d 658, 659 [2012]). Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.