■ HOWARD B. YEON et al., Appellants, v RAJESH MEHTA et al., Respondents. [20 NYS3d 170]—

In an action to recover damages for breach of an option contract, the plaintiffs appeal from an order of the Supreme Court, Orange County (Slobod, J.), dated September 18, 2014, which granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

"An optionee must exercise the option in accordance with its terms, within the time and in the manner specified in the option" (*Pacific Dean Realty, LLC v Specific St., LLC*, 105 AD3d 827, 828 [2013]; *see Kaplan v Lippman*, 75 NY2d 320, 325 [1990]; *Singh v Atakhanian*, 31 AD3d 425, 426 [2006]; *Mohring Enters. v HSBC Bank USA*, 291 AD2d 385, 385 [2002]). "Further, time is of the essence with respect to an option contract, as it must be exercised within a specified time" (*LaPonte v Dunn*, 17 AD3d 539, 539 [2005]; *see Ittleson v Barnett*, 304 AD2d 526, 528 [2003]). Here, the option contract provided, in pertinent part, that the plaintiffs could exercise the option "only between July 1, 2013 to July 30, 2013, by written notice to Seller." The relevant method of notice provision contained in a related contract of sale provided, in pertinent part, that "[e]ach notice mailed shall be deemed given on the third business day following the date of mailing the same." The plaintiffs alleged in the complaint that on July 29, 2013, the plaintiffs sent a letter, by certified mail, to the defendants informing them that the plaintiffs were exercising the option.

On a motion to dismiss a complaint pursuant to CPLR 3211, the facts as alleged in the complaint must be accepted as true (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]). "Under CPLR3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*id.* at 88). Applying these principles, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

Contrary to the plaintiffs' contentions, the Supreme Court properly read the contracts as a whole (*see Beal Sav. Bank v Sommer*, 8 NY3d 318, 324-325 [2007]; *Matter of Westmoreland Coal Co. v Entech, Inc.*, 100 NY2d 352, 358 [2003]), and determined that the effective date of the plaintiffs' certified mailing was August 1, 2013, which was the third business day following the date of the certified mailing. Therefore, the court properly determined that the documentary evidence submitted by the defendants conclusively established that the plaintiffs failed to exercise the option within the time specified in the option, and that, under the facts of this case, the option terminated in accordance with its terms (*see e.g. Zurich Depository Corp. v Iron Mtn. Info. Mgt., Inc.*, 61 AD3d 750, 751 [2009]; *Mohring Enters. v HSBC Bank USA*, 291 AD2d at 385; *cf. Pacific Dean Realty, LLC v Specific St., LLC*, 105 AD3d at 828). Mastro, J.P., Austin, Maltese and Barros, JJ., concur.