■ JILL S. MEYER, M.D., Appellant, v NORTH SHORE-LONG ISLAND JEWISH HEALTH SYSTEM, INC., et al., Defendants, and PARKER JEWISH INSTITUTE et al., Respondents. [27 NYS3d 188]—

In an action, inter alia, to recover damages for tortious interference with a contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered May 27, 2014, which granted the motion of the defendants Parker Jewish Institute and Cornelius Foley pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them on the ground of lack of subject matter jurisdiction.

Ordered that the order is affirmed, with costs.

For the reasons stated in our decision and order on a related appeal (*see Meyer v North Shore-Long Is. Jewish Health Sys., Inc.*, 137 AD3d 878 [2016] [decided herewith]), the Supreme Court should not have directed the dismissal of the complaint insofar as asserted against the defendants Parker Jewish Institute and Cornelius Foley on the ground of lack of subject matter jurisdiction.

However, in the interest of judicial economy, we deem it appropriate to grant dismissal of the complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against these defendants, an alternative ground for dismissal of the complaint argued by these defendants before the Supreme Court and briefed by the parties before this Court.

In considering a motion to dismiss a complaint pursuant to

CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see *Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7) (see CPLR 3211 [c]; *Sokol v Leader*, 74 AD3d at 1181). When evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Here, the evidentiary material submitted by the defendants Parker Jewish Institute and Cornelius Foley established that, in the absence of a valid contract (see *Mason v Central Suffolk Hosp.*, 3 NY3d 343 [2004]), the plaintiff did not have a cause of action to recover damages for tortious interference with a contract (see *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]; *Waste Servs. v Jamaica Ash & Rubbish Removal Co.*, 262 AD2d 401, 402 [1999]). Further, the plaintiff's vague and conclusory factual allegations did not state a cause of action alleging tortious interference with economic relations (see *Wharry v Lindenhurst Union Free School Dist.*, 65 AD3d 1035, 1037 [2009]; *Jacobs v Continuum Health Partners*, 7 AD3d 312, 313 [2004]). Accordingly, the Supreme Court properly directed the dismissal of the complaint insofar as asserted against Parker Jewish Institute and Cornelius Foley. Rivera, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.