■ ROBERT DENENBERG, Appellant, v RICHARD SCHAEFFER, Respondent. [29 NYS3d 387]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated July 7, 2015, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the cause of action alleging breach of contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff purchased shares of stock in a certain corporation. After the price of the stock fell, the plaintiff sold his shares at a loss. The plaintiff subsequently commenced this action against the defendant, who was an officer of the corporation, and who had allegedly urged the plaintiff to invest in it. The complaint alleged that the defendant had orally agreed to indemnify him for any loss relating to his investment.

The defendant moved, inter alia, pursuant to CPLR 3211 (a)

(1) to dismiss the cause of action alleging breach of contract. The Supreme Court granted that branch of the defendant's motion. The plaintiff appeals.

On a motion to dismiss a complaint pursuant to CPLR 3211, the facts as alleged in the complaint must be accepted as true (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Yeon v Mehta*, 134 AD3d 701 [2015]). A motion made pursuant to CPLR 3211 (a) (1) to dismiss based on documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d at 87; *Hefter v Elderserve Health, Inc.*, 134 AD3d 673 [2015]).

Here, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the cause of action to recover damages for breach of contract. The defendant produced a written share subscription agreement covering the subject matter of this action, which established that the plaintiff is precluded, by a merger clause contained in that writing, from presenting evidence of an alleged prior oral agreement between the parties regarding the same subject matter (*see Marine Midland Bank-S. v Thurlow*, 53 NY2d 381, 388 [1981]; *Connolly v Certilman Balin Adler Hyman, LLP*, 122 AD3d 790, 791 [2014]; *DePasquale v Estate of DePasquale*, 44 AD3d 606, 607 [2007]; *Friends of Avalon Preparatory School v Ehrenfeld*, 6 AD3d 658, 658-659 [2004]). The plaintiff's contention that the alleged oral agreement was outside the scope of the merger clause is without merit. The written share subscription agreement was not incomplete on its face. Furthermore, the plaintiff failed to demonstrate that the alleged oral agreement "has no effect to vary, contradict or supplement the terms of a later agreement containing the general merger clause" (*Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 600 [1997]; *cf. Thompson Bros. Pile Corp. v Rosenblum*, 121 AD3d 672, 673 [2014]; *Matthius v Platinum Estates, Inc.*, 74 AD3d 908, 909 [2010]). The plaintiff's additional contention that the merger clause could not be invoked by the defendant in this action is without merit (*see Oxford Commercial Corp. v Landau*, 12 NY2d 362, 365-366 [1963]; *Banner Indus. v Schwartz*, 204 AD2d 190, 190-191 [1994]; *Ambrose Mar-Elia Co. v Dinstein*, 151 AD2d 416, 419 [1989]; *Key Bank of Southeastern N.Y. v Strober Bros.*, 136 AD2d 604, 607 [1988]; *Swerdloff v Mobil Oil Corp.*, 74 AD2d 258, 259 [1980]). Furthermore, the specific disclaimer in the

written subscription agreement utterly refuted the allegation in the complaint that the plaintiff purchased the shares of stock based upon the defendant's oral promise to indemnify him for any losses (*see Danann Realty Corp. v Harris*, 5 NY2d 317, 320-321 [1959]; *Yellow Book Sales & Distrib. Co., Inc. v Hillside Van Lines, Inc.*, 98 AD3d 663, 664 [2012]; *see also DiBuono v Abbey, LLC*, 95 AD3d 1062, 1064 [2012]). Accordingly, since the documentary evidence submitted by the defendant conclusively established, as a matter of law, a defense to the cause of action alleging breach of contract, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss that cause of action (*see* CPLR 3211 [a] [1]).

In light of the foregoing, we need not reach the plaintiff's remaining contentions. Leventhal, J.P., Miller, Maltese and Duffy, JJ., concur.