Union St. Tower, LLC v First Am. Tit. Co. (2018 NY Slip Op 03390)





Union St. Tower, LLC v First Am. Tit. Co.


2018 NY Slip Op 03390


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2015-12687
 (Index No. 502087/13)

[*1]Union Street Tower, LLC, appellant, 
v
First American Title Company, etc., defendant, East Coast Abstract, Inc., respondent.


Fred L. Seeman, New York, NY, for appellant.
Barry McTiernan & Moore LLC, New York, NY (David H. Schultz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated November 19, 2015. The order, insofar as appealed from, granted those branches of the motion of the defendant East Coast Abstract, Inc., which were pursuant to CPLR 3211(a) to dismiss the first, second, and third causes of action in the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 7, 2003, the plaintiff entered into a purchase agreement to acquire a fee interest in certain property located at 225 Fourth Avenue in Brooklyn, as well as certain "development rights" in a contiguous parcel located at 227 Fourth Avenue, Brooklyn. In April 2013, more than 10 years later, the plaintiff commenced this action against the defendant First American Title Company (hereinafter First American), which issued a title insurance policy to the plaintiff, and against the defendant East Coast Abstract, Inc. (hereinafter East Coast), an agent of First American.
In July 2013, the plaintiff amended the complaint. In the first cause of action in the amended complaint, the plaintiff alleged, inter alia, that East Coast was negligent in failing to record certain documents which related to "air rights." In the second cause of action in the amended complaint, the plaintiff alleged, among other things, that East Coast was negligent in failing to procure proper title insurance. In the third cause of action in the amended complaint, the plaintiff sought to recover damages based upon East Coast's alleged breach of an oral contract.
The Supreme Court, inter alia, granted those branches of East Coast's motion which were pursuant to CPLR 3211(a)(1) and (5) to dismiss the first, second, and third causes of action in the amended complaint insofar as asserted against it. The plaintiff appeals.
We agree with the Supreme Court's determination granting those branches of East Coast's motion which were pursuant to CPLR 3211(a)(5) to dismiss the first and second causes of [*2]action in the amended complaint insofar as asserted against it. "A tort claim accrues as soon as the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint'" (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 140, quoting Kronos, Inc. v AVX Corp., 81 NY2d 90, 94). Here, those causes of action accrued in 2003. The plaintiff commenced this action in 2013. Accordingly, those causes of action are time-barred (see CPLR 214[4]).
We agree with the Supreme Court's determination granting that branch of East Coast's motion which was pursuant to CPLR 3211(a)(1) to dismiss the plaintiff's third cause of action in the amended complaint, which alleged a breach of an oral contract. A motion made pursuant to CPLR 3211(a)(1) to dismiss based on documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d 83, 87). Here, the subject title insurance policy contained a merger clause stating that the policy "is the entire policy and contract between the insured and the Company." This clause barred the plaintiff's claim of an oral agreement by East Coast (see Denenberg v Schaeffer, 137 AD3d 1197, 1198; Ashwood Capital, Inc. v OTG Mgt., Inc., 99 AD3d 1, 9). Accordingly, the documentary evidence conclusively established, as a matter of law, a defense to the third cause of action (see CPLR 3211[a][1]).
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court