Golia v Vieira (2018 NY Slip Op 04538)





Golia v Vieira


2018 NY Slip Op 04538


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-12969
 (Index No. 702457/14)

[*1]Michael J. Golia, etc., respondent-appellant, 
v
Jeffrey Vieira, etc., et al., defendants, Long Island College Hospital, appellant-respondent.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Ricki E. Roer, William F. Cusack, and Alexandra C. Manfredi of counsel), for appellant-respondent.
Campolo, Middleton & McCormick, LLP, Ronkonkoma, NY (William J. McDonald of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for beach of contract, the defendant Long Island College Hospital appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered October 31, 2016. The order, insofar as appealed from, denied those branches of the motion of the defendant Long Island College Hospital pursuant to CPLR 3211(a) which were to dismiss the first and second causes of action in the amended complaint insofar as asserted against it. The order, insofar as cross-appealed from, granted those branches of the motion of the defendant Long Island College Hospital pursuant to CPLR 3211(a) which were to dismiss the third through ninth causes of action in the amended complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, and those branches of the motion of the defendant Long Island College Hospital pursuant to CPLR 3211(a) which were to dismiss the first and second causes of action in the amended complaint insofar as asserted against it are granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Long Island College Hospital.
In October 2010, the Department of Internal Medicine (hereinafter the Department) of the defendant Long Island College Hospital (hereinafter LICH) informed the plaintiff, a physician in his first year of a residency training program, that LICH would not be renewing his resident agreement (hereinafter the LICH resident agreement), which was for a term of 12 months beginning on June 23, 2010, and ending on June 22, 2011. The Department informed the plaintiff that it made this decision based upon the plaintiff's unsatisfactory performance and inadequate medical knowledge. In May 2011, SUNY Downstate Medical Center (hereinafter SUNY Downstate) acquired LICH and its residency training program. In connection with the acquisition, the plaintiff signed a resident agreement with SUNY Downstate (hereinafter the SUNY resident agreement) on [*2]May 2, 2011, terminating his employment with LICH and appointing him as a temporary clinical assistant instructor and member of the house staff for a term beginning on May 1, 2011, and ending on June 22, 2011. The SUNY resident agreement was not renewed by SUNY Downstate at the expiration of the term.
In April 2014, the plaintiff commenced this action against LICH, among others. The plaintiff served an amended complaint as of right pursuant to CPLR 3025(a), asserting causes of action to recover damages for breach of contract, tortious interference with contract, tortious interference with prospective economic relations, defamation, and negligent transmission of false information, and for injunctive relief, including expurgation of the term "terminated" or "fired" from his personnel file. In an order entered October 31, 2016, the Supreme Court denied those branches of LICH's motion pursuant to CPLR 3211(a) which were to dismiss the first and second causes of action in the amended complaint insofar as asserted against it, and granted those branches of LICH's motion which were to dismiss the third through ninth causes of action in the amended complaint insofar as asserted against it. LICH appeals, and the plaintiff cross-appeals.
Regarding LICH's appeal, the first cause of action in the amended complaint alleged breach of contract in that the defendants failed to provide the plaintiff with notice of his right to appeal the decision not to renew the LICH resident agreement, and the second cause of action alleged breach of contract in that the defendants failed to provide the plaintiff with a plan of remediation. " To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner, 126 AD3d 857, 858, quoting Gould v Decolator, 121 AD3d 845, 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314; Leon v Martinez, 84 NY2d 83; Menche v Meltzer, Lippe, Goldstein & Breitstone, LLP, 129 AD3d 682). The documentary evidence established that the causes of action alleging breach of contract were governed by the LICH resident agreement and a collective bargaining agreement (hereinafter CBA), and that the plaintiff failed to pursue the grievance procedure contained in the CBA and exhaust his administrative remedies (see Sheridan v Town of Orangetown, 21 AD3d 365, 366; Manfro v McGivney, 11 AD3d 662; Matter of O'Connor v Police Commn. of Town of Clarkstown, 301 AD2d 654; Formica v Town of Huntington, 295 AD2d 400). Contrary to the plaintiff's contention, the fact that he is no longer challenging the nonrenewal of the LICH resident agreement, but, rather, the content of the notice and the failure to provide him with a plan of remediation, does not exempt him from the grievance procedure set forth in the CBA. Moreover, the merger clause in the LICH resident agreement established that the plaintiff is precluded from relying upon extrinsic proof to add to or vary its terms (see Marine Midland Bank-S. v Thurlow, 53 NY2d 381, 388; Denenberg v Schaeffer, 137 AD3d 1197, 1198; Connolly v Certilman Balin Adler Hyman, LLP, 122 AD3d 790, 791; DePasquale v Estate of DePasquale, 44 AD3d 606, 607). In addition, the plaintiff failed to demonstrate that certain alleged prior written representations "ha[ve] no effect to vary, contradict or supplement the terms of a later agreement containing the general merger clause" (Matter of Primex Intl. Corp. v Wal-Mart Stores, 89 NY2d 594, 600; cf. Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672, 673; Matthius v Platinum Estates, Inc., 74 AD3d 908, 909). Accordingly, the Supreme Court should have granted those branches of LICH's motion which were pursuant to CPLR 3211(a)(1) to dismiss the first and second causes of action in the amended complaint insofar as asserted against it.
Regarding the plaintiff's cross appeal, the third cause of action in the amended complaint alleged that LICH tortiously interfered with the SUNY resident agreement by inducing SUNY Downstate not to renew it. The existence of a binding contract is an essential element of a cause of action to recover damages for tortious interference with a contract (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424; Moulton Paving, LLC v Town of Poughkeepsie, 98 AD3d 1009, 1010-1011; Miller v Theodore-Tassy, 92 AD3d 650, 650-651). However, in support of that branch of its motion which was pursuant to CPLR 3211(a)(1), LICH submitted documentary evidence establishing that the decision not to renew the plaintiff's residency was made by LICH at the latest on February 9, 2011. Since it is undisputed that the plaintiff did not sign the SUNY resident agreement until May 2, 2011, LICH conclusively established, as a matter of law, that the SUNY resident agreement was not in existence at the time the decision was made not to renew the plaintiff's [*3]residency. Without the element of an existing contract, there is no viable cause of action alleging tortious interference with contract. Since the documentary evidence submitted by LICH "resolve[d] all factual issues as a matter of law, and conclusively dispose[d] of the plaintiff's claim" (Sato Constr. Co., Inc. v 17 & 24 Corp., 92 AD3d 934, 935; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Jesmer v Retail Magic, Inc., 55 AD3d 171, 180-181), we agree with the Supreme Court's determination to grant that branch of LICH's motion which was pursuant to CPLR 3211(a)(1) to dismiss the third cause of action insofar as asserted against it.
The fourth cause of action in the amended complaint, seeking damages for defamation, alleged that the New York State Department of Labor "was told as late as October 11, 2013 based upon information transmitted by LICH and its agents, servants, and employees that [the plaintiff] was fired,'" that "upon information and belief, Defendants also repeated this demonstrably false statement to residency programs with whom [the plaintiff] had interviewed" after the SUNY resident agreement was not renewed in June 2011, and that "[u]pon information and belief, under color of authority of LICH, Defendants transmitted defamatory statements about [the plaintiff's] termination,' or his academic competency to North Shore University Hospital on or about and between April 2, 2013 and April 17, 2013." The Supreme Court erred in dismissing the fourth cause of action in the amended complaint insofar as asserted against LICH based on the doctrine of res judicata. The dismissal of the defamation cause of action in the original complaint in this action was not a basis for applying the doctrine (see People v Evans, 94 NY2d 499, 502; Webb v Greater N.Y. Auto. Dealers Assn., Inc., 144 AD3d 1136, 1138; Siegel, NY Prac § 448 [5th ed 2011]).
However, we agree with the Supreme Court's determination to grant that branch of LICH's motion which was pursuant to CPLR 3211(a)(7) to dismiss the fourth cause of action insofar as asserted against it. The allegations in the fourth cause of action did not satisfy the special pleading requirements of CPLR 3016(a), as they did not set forth the actual words complained of, and they also failed to specify the particular persons to whom LICH allegedly published the alleged defamatory statements (see CSI Group, LLP v Harper, 153 AD3d 1314, 1320; Ott v Automatic Connector, 193 AD2d 657, 658).
With regard to the fifth, sixth, and seventh causes of action in the amended complaint, seeking damages for tortious interference with prospective economic relations, the plaintiff's vague and conclusory factual allegations do not state a cause of action, and thus, dismissal of those causes of action insofar as asserted against LICH pursuant to CPLR 3211(a)(7) was warranted (see Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 191; Meyer v North Shore-Long Is. Jewish Health Sys., Inc., 137 AD3d 880, 881; Wharry v Lindenhurst Union Free School Dist., 65 AD3d 1035, 1037; Miller v Mount Sinai Med. Ctr., 288 AD2d 72, 72-73).
We agree with the Supreme Court's determination to grant that branch of LICH's motion which was pursuant to CPLR 3211(a) to dismiss the eighth cause of action in the amended complaint, seeking damages for negligent transmission of false information, insofar as asserted against it. That cause of action was based on the same facts as the cause of action to recover damages for defamation, and failed to allege a distinct, cognizable cause of action (see Edem v Grandbelle Intl., Inc., 118 AD3d 848, 849).
In light of our determination with respect to the first through eighth causes of action, the amended complaint fails to allege a basis for injunctive relief (see Tri-Star Light. Corp. v Goldstein, 151 AD3d 1102, 1107). Accordingly, we agree with the Supreme Court's determination to grant that branch of LICH's motion which was pursuant to CPLR 3211(a) to dismiss the ninth cause of action, seeking injunctive relief, insofar as asserted against it.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court