Hong Qin Jiang v Li Wan Wu (2020 NY Slip Op 00576)





Hong Qin Jiang v Li Wan Wu


2020 NY Slip Op 00576


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-00641
 (Index No. 705838/14)

[*1]Hong Qin Jiang, etc., et al., respondents,
v
Li Wan Wu, et al., appellants.


White, Cirrito & Nally, LLP, Hempstead, NY (Christopher M. Lynch of counsel), for appellants.
Hong Qin Jiang, Bayside, NY, respondent pro se, and Jing Huang, Bayside, NY, respondent pro se (one brief filed).



DECISION & ORDER
In a shareholder derivative action, the defendants appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered December 19, 2016. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, twentieth, and twenty-second causes of action asserted by the plaintiff Hong Qin Jiang, the nineteenth and twenty-first causes of action insofar as asserted by that plaintiff, and the eighteenth cause of action asserted by the plaintiff Jing Huang.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were for summary judgment dismissing the first, second, third, fifth, and sixth causes of action asserted by the plaintiff Hong Qin Jiang, the nineteenth cause of action insofar as asserted by that plaintiff, and the eighteenth cause of action asserted by the plaintiff Jing Huang, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In January 2013, the plaintiff Hong Qin Jiang and her daughter, the plaintiff Jing Huang, along with the defendants Li Wan Wu, Qi Tan Lin, and Ji Juan Lin (hereinafter collectively the individual defendants) allegedly entered into an oral joint venture agreement, which contemplated the formation of 37 81 Realty, Inc. (hereinafter Realty). The alleged joint venture agreement provided that in exchange for Realty acquiring title to certain real property owned by Liu's Family, LLC (hereinafter the subject property), of which Hong Qin Jiang was a member, Hon Qin Jiang would receive a 25% ownership interest in Realty and the sum of $1,687,500 upon Realty's acquiring title to the subject property from Liu's Family, LLC.
Realty was formed on January 18, 2013. On January 25, 2013, Hong Qin Jiang, Jing Huang, and the individual defendants entered into a written shareholder agreement, which provided, inter alia, that Realty intended to acquire the subject property from Liu's Family, LLC, and construct a condominium building. Pursuant to the shareholder agreement, in exchange for specified capital [*2]contributions, Hong Qin Jiang, Jing Huang, and the individual defendants would each hold specified percentages of Realty's shares. In section two, the shareholder agreement provided, inter alia, that "Upon the completion of the project, [Realty] will sell out all the units. The sale proceeds will be distributed according to the following priority: . . . 2. $1,687,500.00 to Hong Qin Jiang only, as return of her construction cost input." The shareholder agreement also provided, inter alia, that Hong Qin Jiang, Li Wan Wu, and Ji Juan Lin would be the directors of Realty, and that Hong Qin Jiang would be the president. In March 2013, Jing Huang allegedly failed to make her full capital contribution.
By amendment dated March 15, 2013 (hereinafter the first amendment), the shareholder agreement was modified to provide that the defendant 55-59, Inc., which was owned by the individual defendants, would own 50% of Realty's shares, Li Wan Wu individually would own 25% of Realty's shares, and Hong Qin Jiang would own 25% of Realty's shares. By amendment dated February 14, 2014 (hereinafter the second amendment), the shareholders purported to amend the shareholder agreement to provide that Realty's board of directors would consist of two members, Li Wan Wu and Ji Juan Lin.
On August 20, 2014, the plaintiffs commenced this action asserting 22 causes of action alleging, inter alia, breach of an alleged joint venture agreement, fraudulent inducement, and unjust enrichment, asserting multiple derivative claims on behalf of Realty, and seeking dissolution of Realty. The defendants moved for summary judgment dismissing the complaint. In opposition, the plaintiffs submitted, inter alia, Hong Qin Jiang's affidavit, which was written in the Chinese language and did not contain a certificate of translation pursuant to CPLR 2101(b), as well as Jing Huang's affidavit.
By order entered December 19, 2016, the Supreme Court, inter alia, determined that Jing Huang failed to make the capital contribution specified in the shareholder agreement and was not a shareholder in Realty. Accordingly, the court granted those branches of the defendants' motion which were for summary judgment dismissing all causes of action insofar as asserted by Jing Huang, except for the eighteenth cause of action, which alleged unjust enrichment. The court also held that Hong Qin Jiang's affidavit submitted in opposition to the defendants' motion was inadmissible because it did not comply with CPLR 2101(b). However, the court determined that the defendants failed to meet their prima facie burden with respect to the causes of action asserted by Hong Qin Jiang. The defendants appeal from so much of the order as denied those branches of their motion which were for summary judgment dismissing the causes of action asserted by Hong Qin Jiang, and the eighteenth cause of action, which alleged unjust enrichment, which was asserted by Jing Huang.
We agree with the Supreme Court's determination to deny those branches of the defendants' motion which were for summary judgment dismissing the fourth, seventh, eighth, ninth, tenth, eleventh, twelfth, twentieth, and twenty-second causes of action asserted by Hong Qin Jiang, and the twenty-first cause of action insofar as asserted by that plaintiff, which were dependent upon her status as a shareholder. In support of their motion for summary judgment, the defendants asserted that after the commencement of this action, Hong Qin Jiang sold her shares to a third party, and thereafter ceased to have standing as a shareholder of Realty.
Business Corporation Law § 626 "has been interpreted as requiring a plaintiff in a shareholder derivative action to not only have been a shareholder at the time of the transaction complained of as well as at the time of the commencement of the action, but also that the plaintiff maintain its shareholder status throughout the pendency of the action without interruption" (Bronzaft v Caporali, 162 Misc 2d 281, 283 [Sup Ct, New York County], citing Independent Inv. Protective League v Time, Inc., 50 NY2d 259). "Where the plaintiff voluntarily disposes of the stock, his [or her] rights as a shareholder cease, and his [or her] interest in the litigation is terminated. Being a stranger to the corporation, the former stockowner lacks standing to institute or continue the suit" (Independent Inv. Protective League v Time, Inc., 50 NY2d at 263-264 [citation omitted]; see Tenney v Rosenthal, 6 NY2d 204, 210; Jacobs v Cartalemi, 156 AD3d 605, 607; Ciullo v Orange & Rockland Utils., 271 AD2d 369, 369; Rubinstein v Catacosinos, 91 AD2d 445, 446-447, affd 60 NY2d 890).
Contrary to the defendants' contentions, they failed to establish, prima facie, that Hong Qin Jiang's attempt to transfer her shares was effective. Under the shareholder agreement, a purported transfer in violation of the agreement is "null and void" and not recognized by Realty or the shareholders. The second amendment provided that "No share of stock shall be transferred or sold to any outside individual or entity without being first offered on similar terms and conditions to the shareholders of the record and upon written consent of such shareholders who hold a majority interest in [Realty], which consent shall not be unreasonably withheld." There is no indication in the record that Hong Qin Jiang offered her shares to the other shareholders or obtained their consent prior to her purported sale to the third party. Further, the record does not demonstrate that the other shareholders affirmed Hong Qin Jiang's purported sale of the shares to the third party after discovering it (see generally Lantau Holdings Ltd. v Orient Equal Intl. Group Ltd., 174 AD3d 409). Accordingly, under the terms of the shareholder agreement as modified by the second amendment, Hong Qin Jiang's purported sale of shares to a third party was null and void, and she remained a shareholder of Realty (see generally Giaimo v EGA Assoc. Inc., 68 AD3d 523). The defendants' failure to establish, prima facie, that Hong Qin Jiang was no longer a shareholder in Realty requires denial of those branches of their motion which were for summary judgment dismissing the fourth, seventh, eighth, ninth, tenth, eleventh, twelfth, twentieth, and twenty-second causes of action asserted by her, and the twenty-first cause of action insofar as asserted by her, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the nineteenth cause of action, which sought dissolution pursuant to Business Corporation Law § 1104, insofar as asserted by Hong Qin Jiang. Hong Qin Jiang, who held 25% of Realty's shares, did not hold the requisite number of shares to petition for dissolution pursuant to Business Corporation Law § 1104 (see Business Corporation Law § 1104[a]; Matter of Iceland Inc., 97 AD3d 579, 579-580).
Further, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, which alleged breach of an oral joint venture agreement, asserted by Hong Qin Jiang. Here, the shareholder agreement completely covers the same subject matter as the alleged oral joint venture agreement, i.e., the formation of Realty, including capital contributions and the conveyance of the subject property, and Hong Qin Jiang is precluded from enforcing the alleged prior oral joint venture agreement by the merger clause in the shareholder agreement (see Braten v Bankers Trust Co., 60 NY2d 155, 162; Denenberg v Schaeffer, 137 AD3d 1197, 1198; Connolly v Certilman Balin Adler Hyman, LLP, 122 AD3d 790, 791). The plaintiffs' contention that the alleged oral agreement was outside the scope of the merger clause is without merit (see Denenberg v Schaeffer, 137 AD3d at 1198). Rather, the terms of the alleged oral agreement regarding the timing of the $1,687,500 payment to Hong Qin Jiang contradict the express terms of the shareholder agreement (see JMF Consulting Group II, Inc. v Beverage Mktg. USA, Inc., 97 AD3d 540, 542; Shah v Micro Connections, 286 AD2d 433, 433).
The Supreme Court also should have granted those branches of the defendants' motion which were for summary judgment dismissing the second cause of action, which alleged fraudulent inducement, and the third cause of action, which alleged constructive fraud, both asserted by Hong Qin Jiang. A cause of action sounding in fraud is duplicative of a breach of contract cause of action if it is based on identical circumstances, and does not allege that the misrepresentation resulted in any loss independent of the damages allegedly incurred for breach of contract (see Pugni v Giannini, 163 AD3d 1018, 1020; Doukas v Ballard, 135 AD3d 896, 897). Here, the defendants established, prima facie, that the fraudulent inducement cause of action is based on the same alleged misrepresentation that forms the basis for the breach of contract cause of action, specifically, that the individual defendants promised to pay Hong Qin Jiang $1,687,500 upon transfer of title to the subject property and then failed to do so (see Lenoci v Secure Alarm Installations, LLC, 97 AD3d 800, 801; Kaufman v Torkan, 51 AD3d 977, 980; Weitz v Smith, 231 AD2d 518, 519). Further, "[w]here, as here, there is a meaningful conflict between an express provision in a written contract and a prior alleged oral representation, the conflict negates a claim of a reasonable reliance upon the oral representation" (Stone v Schulz, 231 AD2d 707, 707-708 [internal quotation marks omitted]; [*3]see Group 88, Inc. v AGA Capital NY, Inc., 59 AD3d 493, 494; Old Clinton Corp. v 502 Old Country Rd., 5 AD3d 363, 365; Brisard v Compere, 214 AD2d 528, 530). The third cause of action, which alleged constructive fraud, fails for the same reasons, and further, the defendants established that there was no fiduciary relationship between Hong Qin Jiang, Li Wan Wu, and Ji Juan Lin at the time the alleged misrepresentation was made (see Guarino v North Country Mtge. Banking Corp., 79 AD3d 805, 807). In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the fifth and sixth causes of action, which sought reformation of the shareholder agreement, asserted by Hong Qin Jiang. "[W]here a written agreement between sophisticated, counseled business [persons] is unambiguous on its face, one party cannot defeat summary judgment by a conclusory assertion that, owing to mutual mistake or fraud, the writing did not express his [or her] own understanding of the oral agreement reached during negotiations" (West Vernon Petroleum Corp. v Singer Holding Corp., 103 AD3d 627, 629-630 [internal quotation marks omitted]; see Chimart Assoc. v Paul, 66 NY2d 570, 571; Migliore v Manzo, 28 AD3d 620, 622).
The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the eighteenth cause of action asserted by Jing Huang against Li Wan Wu, Ji Juan Lin, and 55-59, Inc., which alleged unjust enrichment. "To recover for unjust enrichment, a plaintiff must show that (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (Crescimanni v Trovato, 162 AD3d 849, 851; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182). "The essence of unjust enrichment is that one party has received money or benefit at the expense of another" (Levin v Kitsis, 82 AD3d 1051, 1053 [internal quotaiton marks omitted]). Here, the defendants established, prima facie, through the submission of the shareholder agreement and other documents, that Li Wan Wu, Ji Juan Lin, and 55-59, Inc., were not enriched at Jing Huang's expense. The documents indicated that Realty—not Li Wan Wu, Ji Juan Lin, and 55-59, Inc.—allegedly received funds from or on behalf of Jing Huang toward her capital contribution (see id. at 1053; CDR Créances S.A. v Euro-American Lodging Corp., 40 AD3d 421, 422). In opposition, the plaintiffs failed to raise a triable issue of fact through admissible evidence, as they do not allege any basis for piercing Realty's corporate veil or otherwise describe how Li Wan Wu, Ji Juan Lin, and 55-59, Inc., were allegedly benefitted by Realty's alleged wrongful retention of Jing Huang's funds (see Levin v Kitsis, 82 AD3d at 1053).
The defendants' remaining contentions are without merit.
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court