Sanders v US 1 Laffey Real Estate Corp. (2024 NY Slip Op 04793)

Sanders v US 1 Laffey Real Estate Corp.

2024 NY Slip Op 04793

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2020-09609
 (Index No. 12697/10)

[*1]Craig Sanders, et al., respondents, 
v
US 1 Laffey Real Estate Corp., et al., appellants, et al., defendant.

Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Andrew S. Lewner of counsel), for appellants.
Rosenberg Feldman Smith, LLP, White Plains, NY (Michael H. Smith and Richard B. Feldman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants US 1 Laffey Real Estate Corp., Laffey Associates, Century 21 Laffey, Phillip Laffey, and Mark Laffey appeal from a judgment of the Supreme Court, Nassau County (Vito M. DeStefano, J.), dated December 3, 2020. The judgment, upon decisions of the same court dated June 29, 2019, and November 17, 2020, respectively, made after a nonjury trial, is in favor of the plaintiff Trylon Realty of Roslyn, Inc., and against the defendant US 1 Laffey Real Estate Corp., in the principal sum of $1,015,989.97.
ORDERED that the appeal by the defendants Laffey Associates, Century 21 Laffey, Phillip Laffey, and Mark Laffey is dismissed, as those defendants are not aggrieved by the judgment appealed from (see CPLR 5511); and it is further,
ORDERED that the judgment is affirmed on the appeal by the defendant US 1 Laffey Real Estate Corp.; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
In April 2000, the defendant US 1 Laffey Real Estate Corp. (hereinafter US 1 Laffey), a residential real estate brokerage business, entered into an asset purchase agreement (hereinafter the agreement) with the plaintiff Trylon Realty of Roslyn, Inc. (hereinafter Trylon), also a real estate brokerage firm, which, inter alia, obligated US 1 Laffey to disburse a percentage of certain profits to Trylon. The agreement contained, among other things, a section titled "Put and Call Options," pursuant to which US 1 Laffey had the option to purchase Trylon's profit interest (hereinafter the call option), thereby terminating its contractual obligation to make profit interest payments to Trylon. In May 2010, US 1 Laffey informed Trylon of its intention to exercise the call option and US 1 Laffey ceased making payments to Trylon.
In July 2010, Trylon and the plaintiff Craig Sanders, the owner of Trylon, commenced this action, inter alia, to recover damages for breach of contract, alleging, among other things, that US 1 Laffey had not properly exercised the call option and that it remained contractually obligated to make payments to Trylon under the agreement. After a nonjury trial, the Supreme Court found that US 1 Laffey breached the agreement. A judgment was subsequently entered in favor of Trylon [*2]and against US 1 Laffey in the principal sum of $1,015,989.97.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind in a close case that the trial judge had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (County of Suffolk v Long Is. Power Auth., 100 AD3d 944, 947 [internal quotation marks omitted]; see Greenfield v Philles Records, 98 NY2d 562, 569). "The best evidence of the parties' intent is their own writing" (County of Suffolk v Long Is. Power Auth., 100 AD3d at 947; see Greenfield v Philles Records, 98 NY2d at 569). Where a contract contains an option provision, "[a]n optionee must exercise the option in accordance with its terms, within the time and in the manner specified in the option" (Yeon v Mehta, 134 AD3d 701, 701 [internal quotation marks omitted]).
Here, the call option had expired at the time US 1 Laffey sought to exercise it. The agreement sets forth the price to exercise the call option during the first three years after the agreement was executed, but does not set forth a price for any period thereafter. US 1 Laffey sought to exercise the call option more than three years after the execution of the agreement. Thus, the option had terminated in accordance with its terms (see Yeon v Mehta, 134 AD3d at 702; see also Kaplan v Lippman, 75 NY2d 320, 325).
The remaining contentions of US 1 Laffey are without merit.
Accordingly, we affirm the judgment.
BARROS, J.P., MALTESE, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court