| |
|---|
| **DMKA LLC v Guerrero** |
| 2024 NY Slip Op 33559(U) |
| October 7, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 524910/2023 |
| Judge: Richard Velasquez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 66 of the Supreme
Court of the State of New York, held in
and for the County of Kings, at the
Courthouse, at 360 Adams Street,
Brooklyn, New York, on the 7th day of
October, 2024

P R E S E N T:
HON. RICHARD VELASQUEZ
                                          Justice.
-------------------------------------------------------------------------------X
DMKA LLC D/B/A THE SMARTER MERCHANT,

                                          Plaintiff,

          -against-

ROGELIO GUERRERO D/B/A ADVANCED
PERFORMANCE AUTOMOTIVE CENTER D/B/A
ADVANCED PERFORMANCE AUTOMOTIVE CENT
D/B/A APAC D/B/A APAC AUTOMOTIVE D/B/A
ADVANCED PERFORMANCE AUTO CENTER et al.,,

                                          Defendants,
-------------------------------------------------------------------------------X

Index No.: 524910/2023
Decision and Order
Mot. Seq. No. 1

The following *papers NYSCEF* Doc #'s   11   to   17   read on this motion:

| Papers | *NYSCEF DOC NO.'s* |
|---|---|
| Notice of Motion/Order to Show Cause | |
| Affidavits (Affirmations) Annexed_____ | 11-15 |
| Opposing Affidavits (Affirmations)_____ | 16-17 |
| Reply Affidavits_____ | |

After having come before the Court and the court having heard oral argument on June 12, 2024 and upon a review of the forgoing the court finds as follows:

Defendants move pursuant to CPLR §3211(a)(7), and (a)(8) for an order dismissing the complaint, or extension of time to answer (MS#1). Plaintiff opposes the same.

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the

**Page 1 of 4**

[* 1]

court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Meyer v North Shore–Long Is. Jewish Health Sys., Inc.*, 137 AD3d 880, 880–881 [2d Dept 2016]; *Cecal v Leader*, 74 AD3d 1180, 1181 [2d Dept 2010]). **"The criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one"** (*Guggenheimer v. Ginzburg*, 43 NY2d 268, 275, 401 NYS2d 182, 372 NE2d 17; *Rovello v. Orofino Realty Co.*, 40 NY2d at 636, 389 NYS2d 314, 357 NE2d 970). **"[B]are legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on such a motion"** (*Palazzolo v. Herrick, Feinstein, LLP*, 298 AD2d 372, 751 NYS2d 401). If the documentary proof disproves an essential allegation of the complaint, dismissal pursuant to CPLR 3211(a)(7) is warranted even if the allegations, standing alone, could withstand a motion to dismiss for failure to state a cause of action (see *McGuire v. Sterling Doubleday Enters., LP*, 19 AD3d 660, 661, 799 NYS2d 65).

In the present case, affording the complaint a liberal construction, accepting the facts as alleged therein as true, and granting plaintiffs the benefit of every possible inference, it is the opinion of this Court that the complaint sufficiently states causes of action. Although facts sufficient to justify opposition may exist, they currently reside almost exclusively within the knowledge of the officers or employees of defendant (*see* CPLR 3211[d] ). See also *Iommarini v. Mortg. Elec. Registration Sys., Inc.*, 54 Misc. 3d 1225(A) (N.Y. Sup. Ct. 2017).

When a party, usually the defendant, moves for a motion to dismiss, it is asking

[* 2]

the court to make that determination instead. "Courts are not infallible. In undertaking such a task, a court should be mindful to prevent errors which could result in the dismissal of a worthy claim, even if it means risking an unworthy claim proceeding to trial. In other words, it must err on the side of the plaintiff. Toward this aim, many rules and standards have evolved for the court to follow." *Poolt v. Brooks*, 38 Misc. 3d 1216(A), 967 N.Y.S.2d 869 (Sup. Ct. 2013)

In the case at bar, Plaintiff's verified complaint constitutes evidence. How credible that evidence is irrelevant at this juncture. Plaintiff must still make out a *prima facie* case against them at trial through competent evidence, but when it comes to "he said, she said," merely raises a question of credibility for the jury to decide (see *Communications & Entertainment Corp. v. Hibbard Brown & Co., Inc., supra,* 202 A.D.2d 191, 608 NYS2d 214). As such, the plaintiffs have plead facts sufficient to for all causes of action and defendant has failed to submit any documentary evidence to the contrary. As such, it is inappropriate to dismiss such claims at this early juncture as this is a pre-answer motion to dismiss.

In addition, defendant's personal jurisdiction arguments are without merit as the agreement itself contains a jurisdiction clause stating that the defendants agree to personal jurisdiction by service of the complaint by certified mail. Plaintiff has submitted proof of the certified mailing to the addresses contained and agreed to in the contract. The Appellate Division, Second Department has held that service of process by mail as per the terms of a written agreement is sufficient and reasonably calculated to apprise a defendant of the pendency of a lawsuit. *See Matter of New York Merchants Protective Co., Inc., v. Mima's Kitchen, Inc.*, 114 AD3d 796 (2d Dep't 2014); *see also, Matter of*

[* 3]

*Fernandez (Universal Underwriters Ins.) Co.*, 130 AD 2d 657 (2d Dep't 1987).

Accordingly, defendants' motion to dismiss is hereby denied for the reasons stated above. Defendants have 30 days from the date of this order to file and answer. (MS#1).

This constitutes the Decision/Order of the court.

Dated: Brooklyn, New York
October 7, 2024

ENTER FORTHWITH:

_____
HON. RICHARD VELASQUEZ

Hon. Richard Velasquez, JSC

OCT 07 2024

[* 4]