Graham v City of New York

2026 NY Slip Op 01944

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Byron Graham, appellant,

v

City of New York, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-06989, (Index No. 727659/21)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Deborah A. Dowling

Elena Goldberg Velazquez, JJ.

Gregory Spektor & Associates, P.C. (The Altman Firm PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellant.

Steven Banks, Corporation Counsel, New York, NY (Susan Paulson of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered May 15, 2024. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.

ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint is denied.

On November 4, 2020, in Queens County, the plaintiff allegedly was injured after a vehicle owned and operated by the defendants struck his vehicle. On or about April 5, 2021, the plaintiff moved for leave to file a late notice of claim. The motion was denied.

In December 2021, the plaintiff commenced this action to recover damages for personal injuries. In the complaint, the plaintiff claimed to have served a notice of claim on the defendants City of New York and New York City Police Department within 90 days of the incident.

In February 2024, the defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, claiming that the plaintiff, inter alia, failed to comply with General Municipal Law § 50-e. The defendants attached the order denying the plaintiff's motion for leave to file a late notice of claim as proof that the plaintiff did not serve a timely notice of claim. In opposition, the plaintiff claimed that he learned after filing the motion for leave to file a late notice of claim that his prior attorney had filed a timely notice of claim. The plaintiff attached evidence from his prior attorney that indicated that a notice of claim had been filed in November 2020. In an order entered May 15, 2024, the Supreme Court granted the defendants' motion.

"In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, . . . the notice of claim shall comply with and be served . . . within ninety days after the claim arises" (General Municipal Law § 50-e[1][a]). "Failure to comply with a statutory notice of claim requirement is a ground for dismissal pursuant to CPLR 3211(a)(7) for failure to state a cause of action" (Parpounas v Ohagan, 216 AD3d 985, 986).

"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Watts v City of New York, 186 AD3d 1577, 1578). "At the same time, defendants bear the burden of establishing that the complaint fails to state a viable cause of action" (Connolly v Long Is. Power Auth., 30 NY3d 719, 728). "A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Meyer v North Shore-Long Is. Jewish Health Sys., Inc., 137 AD3d 880, 881). "When evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Meyer v North Shore-Long Is. Jewish Health Sys., Inc., 137 AD3d at 881).

Here, as the plaintiff correctly contends, the evidentiary material submitted in support of the defendants' motion failed to demonstrate that any fact alleged in the complaint was undisputedly not a fact at all, as the defendants' evidence proved only that the plaintiff's motion for leave to serve a late notice of claim had been denied, not that the plaintiff's prior attorney had failed to file a timely notice of claim in the first place (see Bokhour v GTI Retail Holdings, Inc., 94 AD3d 682, 683). Accordingly, the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint should have been denied.

BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court